[No. E031387. Fourth Dist., Div. Two. May 28, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
ELWOOD STEVANSON RICH, Defendant and Appellant.

**Counsel**

Richard P. Siref, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**GAUT, J.—**

### 1. Introduction

The criminal charges against defendant Elwood Stevanson Rich arose in the County of Riverside. The entire Riverside County Superior Court recused itself from hearing the criminal proceedings. The California Judicial Council assigned the case to San Bernardino Superior Court Judge J. Michael Welch for all purposes and the case was tried in San Bernardino County.

Three questions are presented by the appeal: Does Penal Code section 777[1] preclude trial of a Riverside County crime in San Bernardino County? Is defendant's appeal on this issue barred by this court's prior appellate decision denying defendant's petition for a writ of mandate? Did the trial court properly enhance defendant's sentence under section 12022.3 even though the crimes of which defendant was convicted were not specifically listed in that section?

We find that this court's appellate decision denying defendant's petition for a writ of mandate is the law of the case and precludes defendant's appeal on the ground of violation of the venue provisions of section 777. We also find that the trial court properly enhanced defendant's sentence under section 12022.3 because that section is directed at the very sexual crimes of which defendant was convicted. We therefore affirm the judgment against defendant.

## 2. *Facts*

In a trial in San Bernardino County before the Honorable J. Michael Welch, defendant Rich was convicted of first degree burglary,[2] and of assault with intent to commit rape, sodomy, or oral copulation.[3] The special allegation that he was armed with a knife in the commission of those crimes was found to be true.[4]

The conviction arose from defendant's late evening foray into the home of the victim through her bedroom window. He accosted her in her bed, placing his hand over her mouth and a knife at her throat. At the same time, he was lying on top of her, ordering her to be quiet. The victim's initial scream was sufficient to call her boyfriend from the front room. He subdued the defendant and held him for the police.

Rich was originally charged with burglary, assault with intent to commit rape in violation of section 220, and touching an intimate part of the victim in violation of section 243.4. The Riverside Superior Court bound defendant over for trial after a preliminary hearing. Before the trial commenced, however, all of the Riverside County Superior Court judges recused themselves because the defendant was the son of a retired Superior Court judge who was acting as a settlement judge for the court. As a result of the recusal, the California Judicial Council assigned the case to Judge Welch for all purposes.

---

[1] All further statutory references are to the Penal Code unless otherwise designated.
[2] Section 459.
[3] Section 220.
[4] Section 12022, subdivision (a).

Upon assignment to Judge Welch, Rich was rearraigned, filed a section 995 motion to dismiss counts 2 and 3 of the information, attended a hearing in which the section 995 motion was denied, pleaded nolo contendere to all three counts, and later moved to withdraw the nolo contendere plea. The motion to withdraw the nolo contendere plea was granted.

After withdrawal of the nolo contendere plea, the People moved to amend the second count of its information to allege that Rich violated section 220 by assaulting the victim with the intent to commit rape, sodomy, or oral copulation. When Rich's objection to the amendment was granted, the People dismissed the information and filed a new complaint. At the arraignment on the new complaint, Rich objected for the first time to the jurisdiction of the San Bernardino Superior Court. His objection was denied.

A preliminary hearing on the new information occurred on December 6, 1999, before the Honorable Joan M. Borba of the San Bernardino Superior Court, at which Rich was bound over for trial. Rich did not raise the jurisdictional issue or object to Judge Borba presiding.

### 3. *Law of the Case*

The People argue that this court's opinion denying Rich's petition for a writ of mandate/prohibition to preclude trial of the criminal charges in San Bernardino is the law of the case and binds Rich. In that opinion this court concluded that the assignment to Judge Welch for all purposes included the authority to accept the Riverside County District Attorney's refiling of the information after its voluntary dismissal of the charges under section 1385.

" ' "The doctrine of the law of the case is this: That where, upon an appeal, the [reviewing] court, in deciding the appeal, states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal, . . . and this although in its subsequent consideration this court may be clearly of the opinion that the former decision is erroneous in that particular." ' The principle applies to criminal as well as civil matters . . . ."[5]

The law of the case doctrine applies in this case. Rich raised the very issue raised on this appeal in his petition for a writ of mandate/prohibition. In our prior opinion we concluded that Rich had waived any objection and consented to the San Bernardino County venue as to the

---

[5]*People v. Stanley* (1995) 10 Cal.4th 764, 786 [42 Cal.Rptr.2d 543, 897 P.2d 481].

proceedings on the first information and that the Judicial Council assignment of the case to Judge Welch for all purposes included authority to accept a refiling of the information after a section 1385 dismissal. We also concluded that the assignment to Judge Welch under section 170.8 of the Code of Civil Procedure continued as long as Rich was being prosecuted and that the assignment did not terminate simply because the case number changed.

Rich contends that our prior decision does not bar this appeal because the California Supreme Court issued its opinion in *People v. Simon*,[6] after our opinion on defendant's petition, and that the *Simon* case overrules our finding that defendant had waived his objection to venue. We reject Rich's contention for the following reasons:

First, as the People observe, the *Simon* case expressly held that while a defendant did not waive his venue objection unless the objection was not made prior to the commencement of trial, that rule is prospective only and therefore does not apply to this case.[7]

Second, this case does not involve a question of the fundamental jurisdiction of the San Bernardino Superior Court's right to try the case. ▉ As the *Simon* court stated: "Because it is beyond dispute that a change of venue may be ordered in a criminal case under appropriate circumstances, and also beyond dispute that any superior court to which a felony proceeding has been transferred has subject matter jurisdiction over the proceeding,[] all modern decisions recognize that criminal venue statutes do not involve a court's jurisdiction in the fundamental sense of subject matter jurisdiction."[8] ▉ In this case it would have been an idle act to transfer the trial of this case back to Riverside County because all judges in the county had been recused. San Bernardino County had the fundamental jurisdiction to try the case, and Judge Welch was expressly directed by the Judicial Council to preside in the trial of the case. If one were to follow the reasoning of Rich, no court and no judge could try his case.

We reject Rich's assertion that the convictions must be reversed because he was unlawfully tried in San Bernardino County.

### 4. *Enhancement Proper*

▉ Rich's sentence was enhanced by five years on the basis of the enhancement in section 12022.3, subdivision (b). That provision directs a

---

[6] *People v. Simon* (2001) 25 Cal.4th 1082 [108 Cal.Rptr.2d 385, 25 P.3d 598].

[7] *People v. Simon, supra*, 25 Cal.4th at page 1108.

[8] *People v. Simon, supra*, 25 Cal.4th at page 1097.

one-, two-, or five-year sentence enhancement for a violation of section 261, 262, 264.1, 286, 288, 288a, or 289. Rich contends that since he was convicted under section 220 and none of the sections listed above, it was inappropriate to enhance his sentence under 12022.3, subdivision (b).

We disagree. Section 261 defines the crime of rape; section 286 defines the crime of sodomy; section 288a defines the crime of oral copulation. Section 220 refers to a crime consisting of an assault with intent to commit rape, sodomy, or oral copulation. Section 12022.3 provides for a sentence enhancement for an attempt to commit rape, sodomy, or oral copulation. Since an assault is defined as an unlawful attempt coupled with a present ability to commit a violent injury,[9] Rich's conviction of a violation of section 220 translates into an attempt to commit rape, sodomy, or oral copulation for which section 12022.3 requires a sentence enhancement.

The trial court properly sentenced Rich to an enhancement based upon the jury verdict finding that he had attempted rape, sodomy or oral copulation.

## 5.  *Disposition*

The judgment is affirmed.

McKinster, Acting P. J., and Ward, J., concurred.

A petition for a rehearing was denied June 16, 2003, and appellant's petition for review by the Supreme Court was denied August 13, 2003.

---

[9]Section 240.